**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Robert M. Dumit, Respondent,

v.

Daniel R. Holtzman and David Williams, Defendants,

Of Whom Daniel R. Holtzman is the Appellant.

Appellate Case No. 2011-198089

———————————

Appeal From Anderson County
Ellis B. Drew, Jr., Master-in-Equity

———————————

Unpublished Opinion No. 2012-UP-636
Heard October 29, 2012 – Filed December 5, 2012

———————————

**REVERSED**

———————————

James Calhoun Pruitt, Jr., of Pruitt & Pruitt, of Anderson, for Appellant.

David Alan Wilson, of Horton Drawdy Ward Mullinax & Farry, PA, of Greenville, for Respondent.

———————————

**PER CURIAM:** Daniel Holtzman appeals the master's finding that Robert Dumit was entitled to contribution. On appeal, he argues the master erred in finding Dumit is entitled to contribution as a matter of equity. He contends the personal

guarantees to Independence Bank were discharged by the refinance, thus the payments and refinancing completed by Dumit on behalf of Tripple D is not enforceable under a theory of personal guarantor liability because the operating agreement and statutes governing LLCs bar this type of liability. We agree.

"The operating agreement of [an LLC] is a binding contract that governs the relations among the members, managers, and the company." *Clary v. Borrell*, 398 S.C. 287, 297, 727 S.E.2d 773, 778 (Ct. App. 2012). "Generally, operating agreements are superior to statutory authority where they are in place and address a matter, inasmuch as it is only when an operating agreement is silent as to some matter that statutory law will apply." *Id.*, 398 S.C. at 297, 727 S.E.2d at 778.

"A limited liability company is a legal entity distinct from its members." S.C. Code Ann. § 33-44-201 (2006). The official comment to the section states: "A limited liability company is legally distinct from its members who are not normally liable for the debts, obligations, and liabilities of the company. Accordingly, members are not proper parties to suits against the company unless an object of the proceeding is to enforce members' rights against the company or to enforce their liability to the company." *Id.* "[T]he debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager. S.C. Code Ann. § 33-44-303 (2006).

Tripple D entered into a loan to procure the funds necessary to develop real estate with the three members signing personal guarantees to secure the loan. The original loan between Tripple D and Independence Bank established two forms of liability, LLC liability and personal liability by the members. When Dumit refinanced the loan, Independence Bank extinguished the personal guarantor liability and granted Dumit no right of enforcement through an assignment. Because the operating agreement prohibits a right to contribution, Dumit cannot use his relationship with Holtzman as a member of the LLC to seek contribution. Moreover, Dumit has not shown elements necessary to establish contribution independent of his role as an LLC member. *Screven v. Joyner*, 10 S.C. Eq. 252, 260-61 (Ct. App. 1833) ("To establish the right of contribution, the plaintiff must sh[o]w that his payment has removed a common burt[d]en from the shoulders of himself and the defendant, and that they are each benefited by it.").

Accordingly, the master erred in finding Dumit was entitled to contribution as a matter of equity.

**REVERSED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**